818 August 20, 2025 No. 750

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

THOMAS SINCLAIR JOHNSON,
*Petitioner-Appellant,*

*v.*

THOMAS McLAY,
Superintendent,
Powder River Correctional Facility,
*Defendant-Respondent.*

Baker County Circuit Court
22CV02575, 22CV02582, 22CV02585;
A182302 (Control), A182301, A182300

Matthew B. Shirtcliff, Judge.

Submitted July 23, 2025.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Kamins, Presiding Judge, Jacquot, Judge, and Armstrong, Senior Judge.

KAMINS, P. J.

Affirmed.

**KAMINS, P. J.**

Petitioner appeals a judgment denying him post-conviction relief (PCR). In a single assignment or error, petitioner argues that the PCR court erred in denying him relief on his ineffective assistance of counsel claim. We affirm.

We review the PCR court's denial of PCR for errors of law and are bound by its implicit and explicit findings of historical fact provided there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

Prior to petitioner's trial for abusing his wife, B, his trial counsel had stipulated to a prior conviction of fourth-degree assault against B so that the state would not have to prove that element and the jury would not hear evidence on it. During the jury trial, the state called B as a witness. While B was being cross-examined by petitioner's trial counsel, she testified about petitioner's previous conviction and no-contact order. B's testimony served as the basis for petitioner's PCR claim.

To the PCR court, petitioner argued that trial counsel was ineffective for opening the door to evidence of his prior conviction and no-contact order (which would have otherwise been inadmissible) through B's cross-examination. He contended that if the information had come in as impeachment evidence, he would be entitled to a limiting instruction that allowed its use only to evaluate *his* credibility. But because it was introduced through B's testimony, it became admissible and could therefore be used to evaluate B's credibility as well. This presented a problem, according to petitioner, in that B's credibility regarding the motive for her 9-1-1 call—and whether the jury believed her—was essential to the entirety of his case. As petitioner saw it, trial counsel failed to exercise reasonable skill and judgment because, although aware of the risk that his previous convictions might be brought in through B's testimony, trial counsel failed to take care to avoid their admission during cross-examination and failed to move to strike B's testimony.

The PCR court denied relief. It found that trial counsel's cross-examination questions "demonstrate[d] that [he] was effective [in] eliciting helpful testimony from [B]

that aided the Petitioner's case" and that "[c]ounsel asked questions in a way that w[as] skillful and did not intentionally create the types of responses that [B] gave." It further determined that petitioner failed to show prejudice related to B's statements because "the state ha[d] considerable evidence that was probative regarding the Petitioner committing the assault against [B] and these statements would not affect the result considering the strength of the state's case."

On appeal, petitioner renews his claim that, had trial counsel been exercising reasonable professional skill and judgment, he would not have opened the door to inadmissible evidence and would have moved to strike B's testimony. The state argues that the "immediate strategic decisions" trial counsel made were not only reasonable but are deserving of considerable deference because they had to be made in the "heat of the moment" without opportunity to deliberate.

We agree with the state. As the PCR court concluded, while B's statements of petitioner's prior conviction and no-contact order were not helpful to petitioner's case, trial counsel was able to obtain overall helpful testimony from B in which she recanted her motives for the 9-1-1 call—thereby matching petitioner's version of events. Trial counsel further made the strategic choice not to move to strike B's testimony to avoid calling the jury's attention to it. *See Martinez v. Baldwin*, 157 Or App 280, 289, 972 P2d 367 (1998), *rev den*, 329 Or 10 (1999) (refusing to second-guess trial counsel's decisions made in the "heat of battle" of trial); *see also Hale v. Belleque*, 255 Or App 653, 659, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013) ("In reviewing a post-conviction claim of ineffective assistance of counsel, the court will not second-guess a lawyer's tactical decisions unless those decisions reflect an absence or suspension of professional skill and judgment." (Internal quotation marks and brackets omitted.)). Additionally, as the transcript reflects, the trial court gave the jury explicit limiting instructions that using this new information to reach a guilty verdict would be "absolutely an improper inference" for it to make. *See State v. Thompson*, 328 Or 248, 271, 971 P2d 879, *cert den*, 527 US 1042 (1999) ("Jurors are presumed to follow a trial court's instructions.").

Moreover, the record does not require a determination that petitioner was prejudiced by the jury learning of his prior conviction and no-contact order. The PCR court acknowledged the difficulty of keeping information such as prior instances of domestic abuse out of testimony, and found that in this case, the information from B's testimony was a small piece in the substantial amount of evidence against petitioner that the jury considered. *See Moser v. Lampert*, 200 Or App 78, 83, 112 P3d 482, *rev den*, 339 Or 406 (2005) (finding that the presence or non-presence of certain testimony would not have changed a jury result given other overwhelming evidence presented at trial); *see also Derschon v. Belleque*, 252 Or App 465, 473, 287 P3d 1189 (2012), *rev den*, 353 Or 208 (2013) (concluding no prejudice from trial counsel's failure to object to testimony because of ample evidence available to the jury of a petitioner's guilt).

Affirmed.